UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| TIMOTHY JAMES WILLIAMS, JR., and ANDRIAN SHANNON WILLIAMS, | |
| | Case Number 15-71767 |
| Debtors. | |
| JUDY A. ROBBINS, United States Trustee For Region Four, | |
| Plaintiff, | |
| v. | Adversary Proceeding Case Number 16-07024 |
| DARREN DELAFIELD, UPRIGHT LAW LLC, LAW SOLUTIONS CHICAGO LLC, JASON ROYCE ALLEN, KEVIN W. CHERN, EDMUND SCANLAN, and SPERRO LLC, | |
| Defendants. | |
| IN RE: | Chapter 7 |
| JESSICA DAWN SCOTT, | |
| | Case Number 16-50158 |
| Debtor. | |
| JUDY A. ROBBINS, United States Trustee For Region Four, | |
| Plaintiff, | |
| v. | Adversary Proceeding Case Number 16-05014 (consolidated with Adversary Proceeding No. 16-07024) |
| JOHN C. MORGAN, JR., JOHN C. MORGAN, JR., PLLC, UPRIGHT LAW LLC, LAW SOLUTIONS CHICAGO LLC, JASON ROYCE ALLEN, KEVIN W. CHERN, EDMUND SCANLAN, and SPERRO LLC, | |
| Defendants. | |

1

## NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to a subpoena requiring the production of documents, Credit Acceptance Corporation will be required to produce **on or before July 28, 2017, at 9:00 a.m. at the Office of the United States Trustee, 210 First St., S.W., Suite 505, Roanoke, VA 24011 via joel.charboneau@usdoj.gov** the documents identified on the attached subpoena for production. Jessica D. Scott's schedules list Credit Acceptance Corporation's address as Post Office Box 513, Southfield, Michigan 48037.

Date: July 7, 2017

Respectfully submitted,
United States Trustee
By: /s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the US Trustee

## CERTIFICATE OF SERVICE

I certify that on July 7, 2017, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including counsel for defendants. On this same date, I caused copies to be mailed by first class mail to:

> Brian L. Shaw
> 321 N. Clark Street, Suite 800
> Chicago, IL 60654
>
> Christopher W. Stevens
> 10 S. Jefferson Street, Suite 1400
> Roanoke, VA 24011

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, VA 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Western__ District of __Virginia__

In re __Timothy J. Williams, Jr. and Andrian S. Williams__
                    Debtor

Case No. __15-71767__

*(Complete if issued in an adversary proceeding)*

Judy A. Robbins
                Plaintiff

Chapter __7__

v.

Darren T. Delafield et al.
                Defendant

Adv. Proc. No. __16-07024__

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Credit Acceptance Corporation c/o Nicholas W. Myles, Esq.
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit 1

| PLACE  Office of U.S. Trustee, 210 First St., S.W., Suite 505 Roanoke, VA 24153 via joel.charboneau@usdoj.gov | DATE AND TIME  7/28/2017  9:00 a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/7/2017__

CLERK OF COURT

                                                                OR       _____/s/_____
_____                                            _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Judy A. Robbins, U.S. Trustee for Region Four  , who issues or requests this subpoena, are: W. Joel Charboneau, Esq., Trial Attorney, Office of the U.S. Trustee, 210 First St., S.W., Suite 505, Roanoke, VA 24011, joel.charboneau@usdoj.gov, 540-857-2699

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT 1

1.  Copies of the promissory note and security agreement signed by Jessica Dawn Scott (SSN ending 2196) related to a 2005 Pontiac Sunfire (VIN 3G2JB12F85S224840);

2.  Copies of correspondence or other documents from Brian K. Fenner or his entities (Sperro LLC, Collateral Services of Indiana LLC, Collateral Services LLC, or Fenner & Associates LLC) related to Jessica Dawn Scott's 2005 Pontiac Sunfire; and

3.  Copies of correspondence or other documents from Upright Law LLC, Law Solutions Chicago LLC, or John C. Morgan, Jr. related to Jessica Dawn Scott's 2005 Pontiac Sunfire.