UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| TIMOTHY JAMES WILLIAMS, JR., and | ) | |
| ANDRIAN SHANNON WILLIAMS, | ) | |
| | ) | Case No. 15-71767 |
| Debtors. | ) | |
| JUDY A. ROBBINS, | ) | |
| United States Trustee For Region Four, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding** |
| | ) | **No. 16-07024** |
| DARREN DELAFIELD, UPRIGHT LAW | ) | |
| LLC, LAW SOLUTIONS CHICAGO LLC, | ) | |
| JASON ROYCE ALLEN, KEVIN W. | ) | |
| CHERN, EDMUND SCANLAN, and | ) | |
| SPERRO LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| IN RE: | ) | |
| | ) | Chapter 7 |
| JESSICA DAWN SCOTT, | ) | |
| | ) | Case No. 16-50158 |
| Debtor. | ) | |
| JUDY A. ROBBINS, | ) | |
| United States Trustee For Region Four, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 16-05014 |
| JOHN C. MORGAN, JR., JOHN C. | ) | (consolidated with Adversary |
| MORGAN, JR., PLLC, UPRIGHT LAW LLC, | ) | Proceeding No. 16-07024) |
| LAW SOLUTIONS CHICAGO LLC, JASON | ) | |
| ROYCE ALLEN, KEVIN W. CHERN, | ) | |
| EDMUND SCANLAN, and SPERRO LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons set forth in this Court's contemporaneous Memorandum Opinion, which are adopted herein in their entirety, it is hereby ORDERED as follows:

1. The contract between LSC, Upright, Delafield and Mr. and Mrs. Williams is declared void under 11 U.S.C. § 526(c) pursuant to Count III of the Williams Complaint.

2. The Court grants the UST's requests in Counts I and II of the Complaints and LSC, Upright, Delafield, and Morgan shall disgorge any attorney's fees received in these two cases under 11 U.S.C. § 329(b) to the Chapter 7 Trustees of the estate of Ms. Scott and of Mr. and Mrs. Williams, respectively.

3. The UST's requests that the Court cancel the engagement agreements with the Williamses and Scott are denied.

4. Count IV of the Williams Complaint and Count III of the Scott Complaint are dismissed and no injunction shall issue.

5. Pursuant to the relief requested in Williams Count VI and Scott Count V, the privileges of LSC, Upright Law, LLC, Kevin W. Chern, and Jason Royce Allen to file or conduct cases, directly or indirectly, in the Western District of Virginia are revoked for a period of five (5) years. This revocation shall include any firm that Law Solutions Chicago, Upright Law, Jason Allen or Kevin Chern, directly or indirectly, have an ownership interest in or control over.

6. Further, Law Solutions Chicago, Upright Law, Kevin Chern, Jason Allen, Edmund Scanlan and Sperro, LLC shall be fined collectively the sum of $250,000.00. These fines are to be paid to the Office of the United States Trustee within thirty (30) days of this Order becoming final and unappealable. Kevin Chern shall be separately and

personally fined the sum of $50,000.00 for his participation in and leadership of the Sperro scheme. These fines are to be paid to the Office of the United States Trustee within thirty (30) days of this Order becoming final and unappealable.

7. Darren T. Delafield's privileges to practice in this Court shall be revoked for a period of one (1) year, and Mr. Delafield is sanctioned $5,000.00 to be paid to Mr. and Mrs. Williams, both to take effect within thirty (30) days of this Order becoming final and unappealable. Mr. Delafield shall make his payment in certified funds payable to the Williamses, delivered to Margaret K. Garber, Assistant United States Trustee, 210 First Street, Suite 505, Roanoke VA 24011. Mr. Delafield is advised that, upon proper application to this Court after said revocation period has expired, the Court will consider, without limitation, the following factors important as to whether his privileges will be reinstated: whether Mr. Delafield has (i) timely paid the sanction imposed herein, (ii) completed twenty (20) hours of continuing legal education in bankruptcy law, with at least six (6) of such hours being in ethics, (iii) read the Bankruptcy Code, (iv) read the Bankruptcy Rules, and (v) read the Local Rules of this Court.

8. John C. Morgan, Jr.'s privileges to appear before this Court, directly or indirectly, including through John C. Morgan, Jr., PLLC, shall be revoked for a period of eighteen (18) months, and Mr. Morgan will be sanctioned $5,000.00 to be paid to Jessica Scott, both to take effect within thirty (30) days of this Order becoming final and unappealable. Mr. Morgan shall make his payment in certified funds payable to Ms. Scott, delivered to Margaret K. Garber, Assistant United States Trustee, 210 First Street, Suite 505, Roanoke VA 24011. Mr. Morgan is advised that, upon proper

application to this Court after said revocation period has expired, the Court will consider, without limitation, the following factors important as to whether his privileges will be reinstated: whether Mr. Morgan has (i) timely paid the sanction imposed herein, (ii) completed twenty (20) hours of continuing legal education in bankruptcy law, with at least six (6) of such hours being in ethics, (iii) read the Bankruptcy Code, (iv) read the Bankruptcy Rules, and (v) read the Local Rules of this Court.

9. Sperro, LLC is directed to disgorge immediately all funds received from (1) the sale or disposition of any property for which it remitted funds to LSC/Upright in connection with a case filed in this Court, and (2) any funds paid to it by or on behalf of a lender to recover that lender's collateral in connection with a case before this Court. Sperro, LLC shall provide full documentation to the Office of the United States Trustee of all such transactions. All such funds shall be paid to the Clerk of this Court, to be held in the Clerk's registry pending further order of this Court. Sperro, LLC shall also, to the extent it has not already done so, provide to the Office of the United States Trustee a list of all clients referred to it from Law Solutions Chicago/Upright nationally, as well as details pertaining to the recovery, sale, disposition and/or secured creditor redemption of any collateral in connection with the so-called New Car Custody Program.

10. As the Court has sanctioned the Defendants as ordered above, Count V of the Williams Complaint and Count IV of the Scott Complaint are dismissed.

11. Additional civil penalties will not be awarded under 11 U.S.C. § 526(c)(5)(B).

12. The seal will be lifted as to Plaintiff's Exhibit Numbers 36 and 37. Within fourteen (14) days of the date of this Order, the Plaintiff shall file Exhibit Numbers 36 and 37 on the docket of this case.

13. The seal will be partially lifted as to Defendants' Exhibit Number P5. Within fourteen (14) days of the date of this Order, the Defendants will file pages 85-86 and 189-190 of Exhibit P5 on the docket of this case with personally identifiable confidential information redacted.

14. The seal will be lifted as to Defendants' Exhibit Number J7. Within fourteen (14) days of the date of this Order, the Defendants shall file Exhibit Number J7 on the docket of this case.

15. Pursuant to this Court's Amended Order of December 22, 2017, thirty days after this order becomes final and nonappealable, the Defendants will be permitted to withdraw the proposed trial exhibits previously filed under seal that were not admitted into evidence, either at trial or by operation of this Court's pretrial orders, or referenced in this Court's accompanying Memorandum Opinion.

16. The trial transcript is scheduled to be unrestricted on February 21, 2018. The Court will extend that deadline until further Order of the Court. Any party seeking to maintain the confidentiality of any existing seal of the trial testimony shall file a motion to do so within 14 days of the date of this Order, with 7 days for any reply. If no motion is filed, all transcripts seals and restrictions will be lifted after 14 days.

The Clerk is directed to send a copy of this Order to all counsel for the parties, to Sperro, LLC, and to any party in interest who filed a request for notice in this case. The United States Trustee is directed to forward true copies of this Order and the Court's Memorandum Opinion to the appropriate Bar Disciplinary authorities in both the Commonwealth of Virginia and the State of Illinois.

**Decided this 12th day of February, 2018.**

_____
UNITED STATES BANKRUPTCY JUDGE